### BARTLETT v. GATES et al.

#### (Circuit Court, D. Colorado. September 3, 1902.)

#### No. 4,331.

1. REMOVAL OF CAUSES—LOCAL PREJUDICE.
   25 Stat. 434, provides that, when it shall be made to appear that from prejudice or local influence a nonresident defendant in a suit will not be able to obtain justice in the state courts, he may remove such suit into the circuit court' of the United States. *Held* that, irrespective of any moral justification for a widespread or practically unanimous public sentiment in favor of or against a litigant, such a sentiment is, under the statute, ground for removal.

2. SAME.
   Where the suit is against several defendants, some of whom are nonresidents, it is settled by the letter of the statute, as well as by the great weight of adjudicated cases, that the nonresident defendants may remove the suit.

3. SAME—ORDER FOR REMOVAL—CERTIFIED COPY—FILING IN STATE COURT.
   While the law does not require it, proper respect for state courts demands that a certified copy of an order of removal be filed in the state court from which the cause is removed.

D. C. Beaman, A. M. Stevenson, and Daniel Prescott, for plaintiff.
Wolcott, Vaile & Waterman and Thomas J. Leftwich (F. W. M. Cutcheon, of counsel), for defendants.

CALDWELL, Circuit Judge. The case of Bartlett v. Gates and others has been argued and submitted on petition filed by certain

¶ 1. Removal of causes for prejudice or local influence, see note to P. Schwenk & Co. v. Strang, 8 C. C. A. 95.

ꞏof the defendants in the action who are citizens of states other than Colorado to remove the suit from the state into the federal court, on the grounds of prejudice and local influence.

The act of congress (25 Stat. 434) provides:

"That when it shall be made to appear 'that from prejudice or local influence,' a non-resident defendant in a suit will not be able to obtain justice in the state courts, such non-resident defendant 'may remove such suit into the circuit court of the United States.'"

The existence of "prejudice or local influence," particularly the latter, has been made to appear in this case by a volume of evidence unusual, if not unprecedented, on the hearing of a petition of this kind. The moral justification for a widespread or practically unanimous public opinion or sentiment in favor of one party to a suit or his cause, or against the other party or his cause, may be very great, but, before a trial, such opinion or sentiment constitutes what the law calls prejudice or local influence, and is made by the statute a ground for the removal of a cause from the state to the federal court. By the letter of the statute, as well as by the great weight of adjudicated cases, the nonresident defendants may remove the cause.

Counsel for the petitioners will prepare the order for the removal. When the order is entered on the records of this court, the petitioners will cause a certified copy to be filed in the state court for its information. The law does not require this, but a proper respect for the state courts demands it.